IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAMES LAWRENCE LIGHT, JR.,**                                    **PETITIONER**
**# 48422-018**

**VERSUS**                                     **CIVIL ACTION NO. 5:13cv103-DCB-MTP**

**M. MARTIN**                                     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner James Lawrence Light, Jr., filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is presently incarcerated at the Federal Corrections Complex in Yazoo City, Mississippi and attacks his arrest, drug conviction, and sentence. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On July 22, 2013, Petitioner filed the instant habeas petition challenging his arrest and drug conviction and sentence handed down from the Middle District of Florida. He was convicted by a jury of possession with the intent to distribute more than five grams of crack cocaine. On May 16, 2006, that court sentenced him as a career offender, under Section 4B1.1 of the Sentencing Guidelines. He was sentenced to 262 months in the custody of the Federal Bureau of Prisons, followed by 48 months of supervised release. The Eleventh Circuit Court of Appeals affirmed the conviction. *United States v. Light*, 218 F. App'x 970, 970 (11th Cir. Feb. 28, 2007).

On September 27, 2010, Petitioner filed his first petition for a writ of habeas corpus but filed it under Section 2241. *Light v. O'Brien*, No. 1:10cv165, 2011 U.S. Dist. LEXIS 24934 at

*1 (N.D.W. Va. Feb. 14, 2011).  He attacked the indictment and his career offender enhancement.  *Id.* at *3.  The Northern District of West Virginia held he did not satisfy the savings clause, because, "the crime for which the petitioner was convicted remains a criminal offense."  *Id.* at *13-14.  *See also*, *Light v. O'Brien*, No. 1:10cv165, 2011 U.S. Dist. LEXIS 25072 (N.D.W. Va. Mar. 10, 2011) (adopting magistrate judge's recommendation).  On August 29, 2011, Petitioner filed his second[1] Section 2241 petition, but he filed it in the court of conviction.  *Light v. McCoun*, No. 8:11cv1961, 2011 U.S. Dist. LEXIS 109403 (M.D. Fla. Sept. 23, 2011).  This time, he challenged the arrest warrant on the same grounds as here, i.e., that it was improperly issued.  *Id.* at *1.  *See also*, *Light v. Rios*, No. 1:11cv1745, 2011 U.S. Dist., LEXIS 134051 at *5 (E.D. Cal. Nov. 21, 2011).  The Middle District of Florida denied the petition.  *McCoun*, No. 8:11cv1961, 2011 U.S. Dist. LEXIS 109403 at *5.  On October 19, Petitioner filed his third Section 2241 petition.  *Light v. Rios*, No. 1:11cv1745, 2011 U.S. Dist. LEXIS 134051 at *1.  He once again attacked the arrest warrant.  *Id.*  The Eastern District of California held Petitioner failed to satisfy the Ninth Circuit's savings clause test and dismissed the petition.  *Id.* at *5-6.

On December 13, 2011, and January 20, 2012, Petitioner filed his first two 18 U.S.C. § 3582 motions to reduce his sentence under Amendment 750 of the Sentencing Guidelines, applicable to crack cocaine offenses.  These were denied.  *United States v. Light*, No. 8:05cr341 (M.D. Fla. Feb. 15, 2012).

On May 2, 2012, Petitioner filed his fourth Section 2241 action, raising Amendment 750.

---

[1]This list does not include the Section 2241 petitions that were dismissed as duplicative or that Petitioner voluntarily dismissed.

*Light v. Rios*, No. 8:12cv976 (M.D. Fla. June 6, 2012).  The Middle District of Florida denied the petition on June 6.

On May 4, 2012, Petitioner filed a third motion pursuant to Section 3582, and it was denied on May 9, because he was sentenced as a career offender.  *Light v. Copenhaver*, No. 1:12cv967, 2012 U.S. Dist. LEXIS 90040 at *5 (E.D. Cal. June 28, 2012) (discussing procedural history).

Petitioner filed his fifth Section 2241 petition on June 15, 2012, arguing that Amendment 750 mandated a reduction in his sentence.  *Id.* at *1-2.  The Eastern District of California once again held he did not satisfy the Ninth Circuit's savings clause test.  *Id.* at *8-9.

On August 16, 2012, Petitioner filed a generic motion for writ of habeas corpus but failed "to identify whether he s[ought] relief under . . . §2241, § 2254, or § 2255."  *Light v. Copenhaven*, No. 8:12cv1866, 2012 U.S. Dist. LEXIS 120420 at *1 (M.D. Fla. Aug. 24, 2012). The Middle District of Florida dismissed the petition, because the court had no jurisdiction over the Section 2241 claim, he was not a state prisoner, and the Section 2255 claim was time barred. *Id.* at *2.

On October 29, 2012, Petitioner filed a fourth motion to reduce his sentence.  The Middle District of Florida denied the motion.  *United States v. Light*, No. 8:05cr341 (M.D. Fla. Nov. 6, 2012).

On November 27, 2012, Petitioner filed a petition for a writ of *error coram nobis*, once again challenging the arrest warrant.  *United States v. Light*, No. 8:05cr341, 2012 U.S. Dist. LEXIS 171115 at *1 (M.D. Fla. Dec. 3, 2012).  The Middle District of Florida held the arrest warrant was valid and denied the writ.  *Id.* at *2-3.

On March 18, 2013, Petitioner filed his only explicit Motion to Vacate under Section 2255. *United States v. Light*, No. 8:13cv680, 2013 U.S. Dist. LEXIS 88549 at *1 (M.D. Fla. June 21, 2013). It was denied as untimely on June 21. *Id.* at *3.

On May 28, 2013, Petitioner filed his second motion for writ of *error coram nobis*, which was denied by the Middle District of Florida on May 31. *United States v. Light*, No. 8:05cr341 (M.D. Fla. May 31, 2012).

On June 18, 2013, Petitioner filed his sixth petition pursuant to Section 2241, once again challenging the arrest warrant. *Light v. Copenhaver*, No. 1:13cv923, 2013 U.S. Dist. LEXIS 91541 at *1 (E.D. Cal. June 28, 2013). Ten days later, the Eastern District of California dismissed the petition as successive and for failure to meet the Ninth Circuit's savings clause test. *Id.* at *6-7.

For the past three years, Petitioner has collaterally attacked his conviction and sentence 15 times, not counting the three actions which were dismissed as duplicative or dismissed voluntarily.

## DISCUSSION

Petitioner again claims the arrest warrant was defective and therefore he should have never been prosecuted. He also claims he is entitled to a reduction pursuant to Amendment 750 of the Sentencing Guidelines, and he is actually innocent of being a career offender because the jury did not make the career offender determination.

<u>ARREST</u>

First, Petitioner maintains that his arrest warrant was not properly issued because it was allegedly only signed by the United States Marshal Service and was not issued by the court. He

reasons that, therefore, the entire prosecution was a "sham." (Pet. at 8).

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to Section 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claim that he was improperly arrested, and therefore prosecuted, does not challenge the execution of his federal sentence but instead attacks the validity of his sentence. Since this alleged constitutional violation "occurred at or prior to sentencing," it is not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

Petitioner does not invoke the savings clause for his arrest claim. He points to no

5

Supreme Court case and does not contend that this argument was previously foreclosed by the Eleventh Circuit.  This claim is not properly before the Court.

<u>CAREER OFFENDER</u>

Next, Petitioner challenges his career offender enhancement under Section 4B1.1 of the Sentencing Guidelines.  He argues he is actually innocent of being a career offender, because the judge, rather than the jury, made the career offender determination.  In support of this argument, Petitioner cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

His argument that he was incorrectly sentenced as a career offender does not attack the execution of his sentence, but attacks the validity of his sentence.  This alleged violation obviously occurred at sentencing; therefore, it is not properly pursued in a Section 2241 petition.  Unless he satisfies the savings clause on this claim, it, too, must be dismissed.

Petitioner contends he meets the requirements to proceed under the savings clause based on his actual innocence of being a career offender.  The Fifth Circuit has consistently disallowed such claims under the savings clause.  *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).  A "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Bradford*, 660 F.3d at 230.

Nothing in *Alleyne* changes this conclusion.  *Alleyne* explicitly relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that, generally, any fact that increases the mandatory minimum of a sentence must be found by a jury.  *Alleyne*, 133 S. Ct. at 2155.  The *Alleyne* court expressly excluded from its holding the "narrow exception to this general rule for the fact of a

prior conviction." *Id.* at 2160 n.1.  As for this narrow exception, *Apprendi* held, "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury . . . ."  *Apprendi*, 530 U.S. at 490 (emphasis added).  What Petitioner challenges here is that his sentence was enhanced because of prior convictions.  Contrary to his argument, *Alleyne* did not make those convictions an element of the substantive drug offense.

Moreover, since "*Apprendi* is not retroactive on collateral review," it is doubtful that *Alleyne* will be.  *Wesson*, 305 F.3d at 348.  Even if it were retroactive, "*Apprendi* implicates only the validity of the sentence," it does not establish innocence of the substantive drug offense.  *Id.*  Therefore, the claim does not satisfy the first prong of the *Reyes-Requena* test.  *Id.*

Since Petitioner's career offender claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with the claim under Section 2241.

AMENDMENT 750

Finally Petitioner argues he is entitled to a reduced sentence based on Amendment 750 to the Sentencing Guidelines.

The argument that Petitioner is entitled to a retroactive reduction in his sentence is not a challenge to the execution of his sentence.  While it is an attack on the continuing validity of his sentence, it is not an error that occurred at or prior to sentencing.  Therefore, it is not a habeas claim.  *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995).  Rather, in order to modify a sentence based on a retroactive amendment to the Sentencing Guidelines, a prisoner must file a motion pursuant to Section 3582(c)(2).  18 U.S.C. § 3582(c)(2); *United States v. Porter*, 335 F. App'x 408, 409 (5th Cir. June 22, 2009).

7

This statute gives the original "sentencing court" the authority to reduce the sentence. *United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011); *United States v. Boe*, 117 F.3d 830, 832 (5th Cir. 1997); *United States v. Drath*, 89 F.3d 216, 217 (5th Cir. 1996).  Therefore this Court does not have jurisdiction to reduce Petitioner's sentence pursuant to a crack cocaine amendment to the Sentencing Guidelines.

As noted previously, the Middle District of Florida has already denied Petitioner's claim under four separate Section 3582(c)(2) motions.  That court denied the reduction, holding Petitioner's career offender status prevented application of Amendment 750.  This is a final judgment, which he did not appeal.  Even if this Court had jurisdiction to entertain the issue in the first instance, Petitioner would be barred by res judicata on his Amendment 750 claim.

Accordingly, none of Petitioner's claims are properly pursued under Section 2241, and the Petition shall be dismissed as frivolous.  To the extent the Petition can be construed as a Section 2255 or Section 3582 motion, it shall be dismissed for lack of jurisdiction.  *Pack*, 218 F.3d at 454.

SANCTIONS WARNING

Not only is the Petition frivolous, to some extent it is merely an attempt to relitigate prior habeas petitions which were decided adversely to Petitioner.  Indeed, for almost three years, he has inundated courts with repetitive, and sometimes multiple, attacks on his conviction and sentence.  "Section 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder*, 222 F.3d at 214.  Therefore, to the extent this current request for habeas relief merely repeats Petitioner's previous habeas petitions, it is an abuse of the writ.  *Davis v. Fetchel*, 150 F.3d 489, 490-91 (5th

Cir. 1998).  Any future frivolous habeas petitions may be found to be an abuse of the writ and lead to the imposition of sanctions, including, but not limited to, monetary fines or restrictions on his ability to proceed *pro se* in this Court.

  IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

  So ordered, this the 9th day of September, 2013.

         s/David Bramlette
        UNITED STATES DISTRICT JUDGE