IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAMES LAWRENCE LIGHT, JR.,**                                          **PETITIONER**
**# 48422-018**

**VERSUS**                                **CIVIL ACTION NO. 5:13cv103-DCB-MTP**

**M. MARTIN**                                                    **RESPONDENT**

## ORDER DENYING RECONSIDERATION

BEFORE THE COURT is *pro se* Petitioner James Lawrence Light, Jr.'s Motion to Arrest Judgment and to Grant Document # 7 to Forthwith Award the Writ [10]. He is incarcerated with the Federal Bureau of Prisons, and he is currently housed at the Federal Corrections Complex in Yazoo City, Mississippi. On September 9, 2013, the Court dismissed the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus for failure to meet the savings clause. Two days later, Petitioner filed the instant motion, asking the Court to reconsider and grant Petitioner a hearing. For the reasons set forth below, the motion is denied.

Since Petitioner filed the motion within twenty-eight days of the Final Judgment, the Motion shall be treated as arising under Rule 59(e). Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989). A Rule 59(e) motion to alter a judgment should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix*

*Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).  "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

The Court dismissed this case, because Petitioner failed to satisfy the savings clause of 28 U.S.C. § 2255.  He argues that he was entitled to a hearing on the facts of his conviction and sentence and that he had no notice that he needed to invoke the savings clause.  He still fails to demonstrate that the savings clause applies to this case.

"Whether a prisoner my bring a 28 U.S.C. § 2241 petition under the savings clause of § 2255(e) is a question of law. . . ."  *Williams v. Warden*, 713 F.3d 1332, 1337 (11th Cir 2013).  The habeas statute provides that a court shall either "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant . . . is not entitled thereto*."  28 U.S.C. § 2243 (emphasis added).  If there are only issues of law to be decided, the petitioner is not entitled to an evidentiary hearing.  *Id.*  Finally, the "court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  *Id.*  In other words, a petition may be summarily dismissed without a hearing, if the face of the petition demonstrates that the applicant is not entitled to relief.  Petitioner admits that a petition may be summarily dismissed on a pure question of law, and he admits that the Court did so.

Although Petitioner contends he was ignorant about the need to raise the savings clause in his Petition, the Court is not persuaded for two reasons.  First, Petitioner had filed numerous prior Section 2241 petitions, which were likewise denied for failure to meet the savings clause.  *Light v. Copenhaver*, No. 1:13cv923, 2013 U.S. Dist. LEXIS 91541 at *1 (E.D. Cal. June 28,

2013); *Light v. Copenhaven*, No. 8:12cv1866, 2012 U.S. Dist. LEXIS 120420 at *3-4 (M.D. Fla. Aug. 24, 2012); *Light v. Copenhaver*, No. 1:12cv967, 2012 U.S. Dist. LEXIS 90040 at *5 (E.D. Cal. June 28, 2012); *Light v. Rios*, No. 8:12cv976 (M.D. Fla. June 5, 2012); *Light v. Rios*, No. 1:11cv1745, 2011 U.S. Dist. LEXIS 134051 at *1 (E.D. Cal. Nov. 21, 2011); *Light v. McCoun*, No. 8:11cv1961, 2011 U.S. Dist. LEXIS 109403 at *5 (M.D. Fla. Sept. 23, 2011); *Light v. O'Brien*, No. 1:10cv165, 2011 U.S. Dist. LEXIS 24934 at *1 (N.D.W. Va. Feb. 14, 2011).  The Court cited all of these cases in its Memorandum Opinion, and Petitioner does not take issue with them.  Second, he did invoke the savings clause on his career offender claim.  He therefore knew about and had the opportunity to address the savings clause and resulting jurisdictional issue.

Petitioner fails to point to any error of law or fact in the Court's Memorandum Opinion and Order of Dismissal [8].  Petitioner presents no other basis under Rule 59(e) for reconsideration of the dismissal.  His Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Petitioner James Lawrence Light, Jr.'s Motion to Arrest Judgment and to Grant Document # 7 to Forthwith Award the Writ [10] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of October, 2013.

 s/David Bramlette
 UNITED STATES DISTRICT JUDGE